UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

AARON CHRISTOPHER HARRIS

      Plaintiff,
vs.

HZ COFFEE GROUP, LLC,
A Foreign Limited Liability Company

      Defendant
_____/

## COMPLAINT

Plaintiff AARON CHRISTOPHER HARRIS (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendant HZ COFFEE GROUP, LLC, a Foreign Limited Liability Company (hereinafter "HZ COFEE GROUP" or "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant ia subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendant. Specifically, Plaintiff performed work for Defendant as baker from on or about January 3, 2022, until on or about May 8, 2022, and then from September 26, 2022 through October 14, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. HZ COFEE GROUP is a Foreign Limited Liability Company registered to do business within Florida. Defendant, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Specifically, Plaintiff worked at Defendant's store # 24025 located at 301 Overseas Hwy, Marathon, FL 33050. All facts which give rise to this complaint occurred in Marathon, Florida.

7. HZ COFEE GROUP is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, HZ COFEE GROUP is a company that operates multiple Dunkin' Donuts restaurants throughout South Florida where they use of goods transported across interstate lines.

9. At all times material to this Complaint, HZ COFEE GROUP has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

10. HZ COFEE GROUP upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff began working for Defendant on or about January 3, 2022, through on or about May 8, 2022, and then again from September 26, 2022, through October 14, 2022, as a baker. His primary duties were performing manual labor.

14. During the course of his employment, Plaintiff worked between 35-45 hours per workweek. He was normally scheduled 5-6 days a week. Plaintiff earned $16/hour and was compensated every 2 weeks.

15. However, during his employment, Plaintiff was not compensated for all hours worked. Specifically, from January 3, 2022, through May 8, 2022, Plaintiff regularly worked between 35-45 hours a week. However, a review of the paystubs in his possession reflect that Plaintiff was not compensated for all hours worked each workweek during this period of time.

16. Furthermore, Plaintiff worked hours for which he was not paid minimum wage since he was not compensated at all for the last 3 weeks of his employment (September 26, 2022-October 14, 2022).

17. Plaintiff made several complaints to Defendant that his wages were due in arrears to such an extent, that he was not being paid even a minimum hourly wage when due. Specifically, Plaintiff made his complaints to supervisor Lynn (LNU) and Jahara (LNU) verbally and in writing. However, Defendant did not cure the deficiency.

18. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked in a given workweek.

19. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendant. Specifically, Defendant failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours between January 3, 2022, and May 8, 2022.

20. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

21. Defendant and its representatives knew that Plaintiff was working, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

23. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES

25. Plaintiff re-alleges and reaffirms paragraphs 1 through 24 as fully set forth herein.

26. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

27. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

28. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, Defendant failed to compensate Plaintiff for some weeks of work within the three-year period preceding to this Complaint.

29. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

30. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

31. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

33. As a result, Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME

35. Plaintiff, re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

36. This action is brought by Plaintiff to recover from Defendant HZ COFEE GROUP unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the

hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. Since the commencement of Plaintiff's employment HZ COFEE GROUP has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

38. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

39. HZ COFEE GROUP is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HZ COFEE GROUP's business activities involve those to which the Fair Labor Standards Act applies.

40. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor and did not have decision-making authority.

41. HZ COFEE GROUP has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

42. By reason of the said intentional, willful, and unlawful acts of HZ COFEE GROUP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

44. As a result of HZ COFEE GROUP's willful violations of the Act, Plaintiff is entitled to liquidated damages.

45. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HZ COFEE GROUP.

WHEREFORE, Plaintiff respectfully prays for the following relief against HZ COFEE GROUP:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

Plaintiff, AARON CHRISTOPHER HARRIS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 25, 2023                              Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com